PEOPLE ex rel. SHIRES v. MAGEE.

(Supreme Court, Appellate Division, Third Department. January 9, 1901.)

DISCHARGE OF POLICE OFFICER—FINDINGS—EVIDENCE—SUFFICIENCY.

Where the evidence on which relator, an exemplary officer of six years' standing, and against whom no other charge was ever made, was removed from the police force, was entirely that of three witnesses, each of whom was interested in relator's removal, and was contradictory and evasive, and the evidence for relator was that of three reputable disinterested witnesses, who testified in a clear and straightforward manner to relator's presence at different places on his beat at times which rendered the charges necessarily false, the finding that relator was guilty as charged was against the weight of evidence.

Certiorari by the people of New York, on the relation of Holman H. Shires, against John Magee, police commissioner of the village of Lansingburg, N. Y., to review the discharge of relator as policeman. Writ sustained.

Argued before PARKER, P. J., and MERWIN, SMITH, KELLOGG, and EDWARDS, JJ.

Thomas S. Fagan (J. K. Long, of counsel), for relator.
R. B. Stiles (S. Foster, of counsel), for defendant.

SMITH, J. Under the laws of the state the relator could only be removed for cause shown and upon charges preferred. Whether or not this be a wise enactment, it is the sworn duty of the courts to see that it is enforced. For that purpose this writ of review is authorized. The statute also prescribes the rules by which this determination shall be tested; and if, in the determination, any rule of law has been violated to the prejudice of the relator, or if the determination was clearly against the weight of evidence, our duty is clear to set aside that determination, and order the relator's reinstatement. The record presented to us upon this review is a most remarkable

record. With many exceptions taken to evidence, both upon the part of the relator and upon the part of the prosecutor, in every instance the objection taken by the prosecutor was sustained, and that taken by the relator was overruled. This extraordinary state of facts is explained by the remark of the commissioner in ruling upon an objection taken, where he says: "I shall have to decide in favor of Mr. Stiles [the prosecutor's attorney]. He is the man that I look to to keep me straight. If he is not right, I am not to blame." Where, then, by the declaration of this public officer, acting in a judicial capacity, he has renounced his functions to the attorney for the prosecution, it is full time for the court to scrutinize most carefully the evidence, and see if his conclusions are justified within the rules of law. It might well be held that rules of law were violated to the prejudice of the relator upon this examination. The witnesses for the prosecution were asked many questions on cross-examination which were clearly competent, and were calculated to show their bias and prejudice. These were systematically objected to and excluded by the commissioner. It is true that the same strict rule will not be held in a proceeding of this nature as is required in a court of law, but the rejection of evidence, competent and pertinent, may be repeated until the error becomes so substantial as to amount to the denial of the party's rights, when, in a single case, the error might be disregarded. In the case at bar, however, it is not necessary to find cause for reversal in the errors of the commissioner in the rejection of evidence. Upon a careful examination, we are satisfied that the determination cannot be sustained, because overborne by the clear weight of evidence. This relator had been upon the force for six years, admittedly an exemplary officer, against whom no charge had ever been made. He has been found guilty and degraded upon the testimony of three witnesses, all of them interested in his discharge, and whose testimony is contradictory, indefinite, and disingenuous. The relator had been a witness upon the trial of one Shannon, who was convicted by the defendant for incompetency as janitor of the station house. He was the only patrolman on the force who swore for Shannon. One of the three witnesses upon whose evidence this relator has been convicted is a man who is seeking the relator's position upon the police force, and is now temporarily filling it during the relator's suspension. Another one is the man against whose interests the relator swore in the Shannon investigation. These three men, with a manifest purpose to find evidence upon which charges could be based for the relator's removal, constituted themselves a detective force, and upon their evidence alone the relator's conviction is based. Their evidence discredits itself by its contradiction and evasiveness. Opposed to that evidence on the other hand, in addition to a clean record for six years, the relator is fully sustained in his denial of the charges by the evidence of three witnesses who swore to his presence at different places upon his beat at times which render impossible the truth of the charges preferred. These witnesses are reputable, disinterested witnesses, who tell their stories in a clear, straightforward way, bearing inherent evidence of their verity. In

this conflict of evidence, we think the conviction of the relator was wholly unwarranted, and should be reversed.

The counsel for the defendant has pressed upon our attention the argument that this conviction should be sustained in order to maintain the discipline of this commissioner in the police force. The importance of such discipline is recognized. Far more effective to maintain such discipline, however, would be fair and impartial action on the part of the commissioner, than to sustain a conviction unwarranted either by law or by fact.

Determination reversed on the law and facts, with $50 costs and disbursements, and relator ordered reinstated. All concur; MERWIN, J., in result.